IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL A TRIMUAR
    Petitioner,

v.                                                 Case No. 3:12cv518/RV/CJK

KENNETH TUCKER,
    Respondent.
_____

## REPORT AND RECOMMENDATION

This cause is before the Court upon petitioner's filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (doc. 1), a supporting memorandum (doc. 2), a motion to proceed *in forma pauperis* (doc. 3), a motion for appointment of counsel (doc. 4) and a motion for evidentiary hearing (doc. 5). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that the petition is an unauthorized "second or successive" habeas corpus application under 28 U.S.C. § 2244(b)(3)(A), and that this case should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner was convicted in 2003 of first degree premeditated murder and grand theft in the Circuit Court for Escambia County, Florida. (Doc. 1, p. 1). Petitioner was sentenced to life in prison and is currently serving that sentence at Holmes Correctional Institution. (*Id*.). Petitioner claims that the state courts have violated his constitutional rights "by not affording a full and fair hearing regarding a newly

discovered evidence claim." (*Id*., p. 4). Petitioner admits on the petition form that he previously filed a § 2254 petition in this Court regarding the validity of his state court confinement. (*Id.*, p. 3).

The Court takes judicial notice of its own records in *Trimuar v. McDonough, et al.*, Case Number 3:05cv484/LC/EMT. Petitioner initiated *Trimuar v. McDonough*, on December 21, 2005, by filing a § 2254 petition challenging the same conviction and sentence at issue here. (*See* Case Number 3:05cv484/LC/EMT, Doc. 1). This Court denied the petition on the merits on December 7, 2007. (*Id*., Docs. 24, 25). The United States Court of Appeals for the Eleventh Circuit denied a certificate of appealability. (*Id.*, Docs. 50, 52). The United States Supreme Court denied certiorari. (*Id*., Doc. 53).

By order dated October 30, 2012, the undersigned directed petitioner to show cause why this case should not be dismissed by filing a copy of the Eleventh Circuit's order authorizing him to file a second or successive § 2254 petition. (Doc. 7). Petitioner's response (doc. 8) acknowledges the previous habeas corpus application and requests that this Court "allow him leave to seek permission of the Eleventh Circuit Court of Appeals" and to appoint counsel to assist petitioner in submitting the requisite application. (*Id*., p. 2).

## DISCUSSION

Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* Rule 9, Rules Governing Section 2254 Cases (2011) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to

consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").  A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court.  *Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 796, 799, 166 L. Ed. 2d 628 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition since prisoner did not obtain order authorizing him to file the petition); *Fugate v. Dep't of Corr*., 301 F.3d 1287, 1288 (11th Cir. 2002) (same).  The instant petition is a second or successive habeas corpus application.  Petitioner has not obtained the requisite authorization from the Eleventh Circuit to file the petition.  Petitioner's failure to obtain that authorization requires dismissal of this action.  Petitioner may move in the Eleventh Circuit for an order appointing counsel.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That petitioner's habeas corpus petition (doc. 1) be DISMISSED WITHOUT PREJUDICE as an unauthorized second or successive habeas corpus application.

2. That all pending motions be DENIED as moot.

3. That the clerk be directed to close the file and to send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 13th day of November, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).